IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:10cr14 |
| | ) | |
| | ) | JUDGE HAYNES |
| FRANK M. MURRELL | ) | |

## MEMORANDUM

The United States of America filed this criminal action against defendant Frank M. Murrell, charging him with being a previously convicted felon in possession of a firearm and possession with intent to distribute cocaine and marijuana.

Before the Court is Defendant's motion to suppress (Docket Entry No. 20), to which the Government has responded (Docket Entry No. 22). Defendant seeks the suppression of all evidence seized pursuant to a search warrant search of his residence on June 2, 2009 as a violation of his Fourth Amendment rights. Specifically, Defendant contends that the search warrant affidavit was invalid for stating the drug transactions occurred at 105 Clover Lane, rather than inside Defendant's residence. (Docket Entry No. 20).

The Government responds that Defendant's motion should be denied without an evidentiary hearing because the search warrant affidavit established a nexus between the evidence sought and the location to be searched. The Government also responds that the good-faith rule from United States v. Leon, 468 U.S. 897 (1984) applies to prevent suppression. (Docket Entry No. 22).

Here, an evidentiary hearing is unnecessary because "[i]n reviewing the sufficiency of the evidence supporting probable cause, [the court is] limited to examining the information contained within the four corners of the affidavit." United States v. Dyer, 580 F.3d 386, 390 (6th Cir. 2009) (citation omitted). For the reasons stated below, Defendant's motion to suppress should be denied.

## A. ANALYSIS OF THE EVIDENCE

The June 1, 2009 affidavit in support of search warrant that was presented and signed by a judge on the same date, (Docket Entry No. 22, Attachment 1), states that narcotics evidence "is now located and may be found in possession of said person Frank M. Murrell or on said premises located at 105 Clover Lane, in Humphreys County, Tennessee." This affidavit details the physical description and driving directions of that location.

According to this affidavit, on May 27, 2009, a confidential source "made a controlled purchase of approximately 1.7 grams of cocaine from Frank M. Murrell for $100.00." The confidential source used pre-recorded buy-money to make the purchase. "The controlled purchase took place at 105 Clover Lane in Waverly Tennessee" and, during the purchase, the confidential source wore an audio and video recorder. Based on the recording of the transaction, officers identified Defendant a participant in the transaction. In addition, the substance in this transaction tested positive for the presence of cocaine.

This affidavit next reflects that on May 28, 2009, a confidential source "made a controlled purchase of approximately 2.1grams of cocaine from Frank M. Murrell for $100.00." The confidential source used prerecorded buy-money to make the purchase that occurred at 105 Clover Lane in Waverly Tennessee. The confidential source wore an audio and video recorder during the purchase and law enforcement officers were able to identify Defendant as a

2

participant in the transaction, and again the substance in the second transaction tested positive for cocaine. The confidential source also informed the affiant that Defendant had taken cocaine out of a larger bag, placed it in a smaller bag, and weighed it. According to the affidavit, "[t]he Confidential Source is . . . cooperating with law enforcement to receive consideration for pending charges . . . Confidential Source has made statement against penal interests admitting to buying cocaine from Frank M. Murrell for at least a year."

Aside from the informant, the affidavit stated that: "Information was given to your affiant by law enforcement that the water bill for 105 Clover Lane is in the name of Frank M. Murrell" and "Frank M. Murrell was arrested in 2001 for sale and Possession of Cocaine and later convicted."

Based on these facts, "your affiant requests a search warrant for 105 Clover Lane in Waverly Tennessee to search for evidence of Frank M. Murrell's drug dealing operation . . . [.]" Id.

According to the parties' filings, the search warrant was executed the next day, on June 2, 2009, and officers seized a firearm, narcotics, paraphernalia, and currency. Defendant was present and made incriminating statements. Defendant's motion seeks to suppress all evidence seized during the search.

### B. CONCLUSIONS OF LAW

The Fourth Amendment protects individuals from unreasonable searches and seizures and evidence that stems from such unreasonable search or seizure must be suppressed. See Wong Sun v. United States, 371 U.S. 471, 488 (1963). To be reasonable, searches must ordinarily be executed in connection with a search warrant. Katz v. United States, 389 U.S. 347, 357-58 (1967).

Where an affidavit is the basis for a probable cause determination, that affidavit "must provide the magistrate with a substantial basis for determining the existence of probable cause." Illinois v. Gates, 462 U.S. 213, 239 (1983). For the magistrate to perform this official function, the affidavit presented must contain adequate facts to show probable cause for the issuance of the warrant. United States v. Weaver, 99 F.3d 1372, 1377 (6th Cir. 1996) (citing Whiteley v. Warden, 401 U.S. 560, 564 (1971) and Nathanson v. United States, 290 U.S. 41, 47 (1933)). Probable cause exists if "the facts and circumstances are such that a reasonably prudent person would be warranted in believing that an offense had been committed and that evidence thereof would be found on the premises to be searched." Mays v. City of Dayton, 134 F.3d 809, 814 (6th Cir. 1998) (citations omitted).

> **Search warrant affidavits must be judged based on the totality of the circumstances, rather than line-by-line scrutiny.** United States v. Woosley, 361 F.3d 924, 926 (6th Cir. 2004); United States v. Greene, 250 F.3d 471, 479 (6th Cir.2001). In this regard, affidavits for search warrants:
>
>> Must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. **Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area.** A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting. United States v. Ventresca, 380 U.S. 102, 108 (1965).
>
> ... A magistrate judge's determination of probable cause should be paid great deference by a reviewing court. United States v. Allen, 211 F.3d 970, 973 (6th Cir. 2000) (en banc). Thus, "an issuing magistrate's discretion should only be reversed if it was arbitrarily exercised." Id.

United States v. Coffee, 434 F.3d 887, 892 (6th Cir. 2006) (emphasis added).

Defendant's motion only challenges whether the affidavit established the requisite nexus between the evidence sought and location to be searched. "In sum, '[t]he test for determining the

4

sufficiency of the description of the place to be searched is whether the place to be searched is described with sufficient particularity as to enable the executing officer to locate and identify the premises with reasonable effort, and whether there is any reasonable probability that another premises might be mistakenly searched.'" United States v. Gahagan, 865 F.2d 1490, 1497 (6th Cir.1989) (citations omitted).

Defendant argues that the warrant is insufficient because it "contains no allegation that either of the controlled purchases took place **in** the Defendant's residence." (Docket Entry No. 21, at 1) (emphasis added). "[W]hile there may be evidence that connects the location to a drug sale, there is nothing in the affidavit to ever suggest the residence itself was used in any drug transaction." Id.

Here, the Court concludes that the affidavit provides a sufficient nexus between the place to be searched, the residence located at 105 Clover Lane, the evidence to be seized, narcotics, and the Defendant. The water bill for 105 Clover Lane was in Defendant's name. Two recent and recorded drug transactions involving Defendant occurred at 105 Clover Lane. The affidavit provides the correct address, a detailed physical description of the residence, and driving directions. Thus, the affidavit is sufficient to enable the executing officer to locate and identify the premises with reasonable effort, without reasonable probability of searching the wrong residence.

Moreover, as to Defendant's "at the residence" rather than "in the residence" argument, "[t]he particularity requirement does not turn upon the description in the warrant being 'technically accurate in every detail.'" United States v. Baylis, No. 3:08cr147, 2010 WL 396302 (E.D. Tenn. Jan. 27, 2010) (quoting United States v. Pelayo-Landero, 285 F.3d 491, 496 (6th Cir. 2002)). Accordingly, the Court concludes the affidavit was sufficient to establish probable cause

5

and Defendant's motion to suppress should be denied. In light of the Court's finding, the Court need not reach the Government's alternative argument that suppression is not required under Leon.

An appropriate Order is filed herewith.

Entered on this the __3rd__ day of January, 2011.

WILLIAM J. HAYNES, JR.
United States District Judge