IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:10-cr-00014 |
| | ) | JUDGE RICHARDSON |
| FRANK M. MURRELL | ) | |
| | ) | |

## **MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant's "Amended Motion for Early Termination of Supervised Release (Unopposed)." (Doc. No. 48, "Motion"), wherein Defendant asks the Court to terminate his three-year term of supervised release, of which he has served more than twenty-two months. Defendant contends that he meets the criteria for early termination of supervision because, among other things, he "is in compliance with his conditions of supervised release. He has had no violations, no positive drug screens, has been employed throughout supervision, has fully satisfied his financial obligations, and meets policy considerations for early termination." (*Id*. at 2). Defendant represents that the Government does not oppose Defendant's request for early termination of supervision, (*id*. at 3), and the Government does not contest this representation despite being given the opportunity to do so. (Doc. No. 46). Reportedly, Defendant's probation officer informed defense counsel that Defendant has "no known violations, negative drug tests, employed throughout supervision, and meets policy criteria. [Defendant] has consulted with her supervisor at USPO and confirms that the USPO does not oppose the termination of [Defendant's] supervision and further confirmed that [Defendant] is a good candidate for early termination." (Doc. No. 48 at 3).

**I. Background**

On January 13, 2010, Defendant was indicted on two counts: one count of possession of a

firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924; and one count of possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1). (Doc. No. 1). On June 17, 2011, Defendant pled guilty to both counts. (Doc. No. 34). On September 9, 2011, Defendant was sentenced to a total sentence of 120 months' imprisonment, followed by three years of supervised release. (Doc. No. 36). Defendant served his sentence and was released from Bureau of Prisons' custody on October 5, 2018.

**II. Law and Analysis**

Section 3583(e)(1) of Title 18, United States Code, permits early termination of supervised release, after the expiration of one year of supervised release, if the Court is satisfied that such action "is warranted by the conduct of the defendant released and the interest of justice." Factors to be considered in granting early termination include, to the extent applicable in a particular case: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the need "to afford adequate deterrence to criminal conduct"; (3) the need "to protect the public from further crimes of the defendant"; (4) the need "to provide the defendant with needed education nor vocational training, medical care, or other correctional treatment"; (5) the kinds of sentence and sentencing range established by the United States Sentencing Commission for the applicable category of offense committed by the applicable category of defendant; (6) any pertinent policy statement issued by the United States Sentencing Commission; (7) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (8) "the need to provide restitution to any victims of the offense." 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), & (a)(7).

In addition to these factors, federal judicial policy requires that courts consider the

following factors when evaluating the appropriateness of early termination of supervised release: stable community reintegration, progressive strides toward supervision objectives, no aggravated underlying convictions, no history of violence, no recent arrests, convictions, alcohol or drug abuse, and no identifiable risk to public safety. *Guide to Judiciary Policy*, Vol. 83 § 380.10(b) (2010).

In this case, upon the application of the Section 3553 factors, and considering the lack of opposition by the Government, the Court finds that collectively they strongly support Defendant's request for early termination of supervised release. The Court acknowledges that Defendant has successfully transitioned into his community, complied with his conditions of supervised release, and maintained steady employment. Thus, upon the application of the Section 3553 factors, and in consideration of the lack of opposition by the Government, the Court finds that early termination of supervised release is clearly warranted at this time. Therefore, the Motion (Doc. No. 48) is **GRANTED**, and Defendant's term of supervised release is hereby terminated.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE